United States District Court
Southern District of Texas
**ENTERED**
September 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROLANDO RODARTE, | § | |
| TDCJ #00618611, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-196 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Rolando Rodarte (TDCJ #00618611), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Rodarte has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding (Dkt. 1 at p. 2). After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

### I.   BACKGROUND

Rodarte is currently serving a life sentence at the Robertson Unit for capital murder (Dkt. 1 at p. 2). *See* TEX. PENAL CODE § 19.03. In this habeas proceeding, Rodarte challenges not his underlying conviction but the result of a prison disciplinary proceeding lodged against him when he was incarcerated at the Stringfellow Unit (Dkt. 1 at pp. 2, 5). In his habeas

petition, Rodarte explains that he was charged in disciplinary case #20160156654 with possession of a cell phone (Dkt. 1 at pp. 5–8). He was found guilty as charged on February 4, 2016 (Dkt. 1 at pp. 5–7). As punishment, he lost three hundred good-time days; spent forty-five days on recreation restriction; spent forty-five days on commissary restriction; spent forty-five days on telephone system restriction; had his contact visits suspended for one hundred and twenty days; was transferred to a different facility; and had his line class and custody status reduced (Dkt. 1 at pp. 5–7). Rodarte unsuccessfully pursued Step 1 and Step 2 grievance procedures, but by his own admission his grievances did not contain any of the grounds presented by the instant habeas petition (Dkt. 1 at pp. 5–6, 9). For the reasons set forth below, the Court holds that Rodarte fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.    **PRISON DISCIPLINARY PROCEEDINGS**

Rodarte seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail. Rodarte's claims, on their face, fail to make the requisite showing.

## A.    Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of constitutionally protected liberty interests is a "narrow" one. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin*).

Rodarte does not identify any particular right found in the Due Process Clause upon which his habeas petition is grounded. To the extent that the disciplinary conviction may affect Rodarte's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, then, Rodarte's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also Kyle*, 65 F.3d at 31–32. In Texas, only those inmates who are eligible for mandatory

supervision have a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996). It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing: (1) that he is eligible for early release on mandatory supervision; and (2) that the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit). *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Rodarte concedes in his petition that he is not eligible for early release on mandatory supervision (Dkt. 1 at p. 5). *See* TEX. GOV'T CODE § 508.149(a)(3). This is fatal to his due process claims stemming from the loss of good-time credit. *Id.* It is true that the disciplinary conviction at issue resulted in a reduction in Rodarte's custody classification; but the Fifth Circuit has held that reductions in a prisoner's time-earning status, and the potential impact of those reductions on good-time credit earning ability, are too attenuated from the prisoner's ultimate release date to invoke the procedural guarantees of the Due Process Clause. *Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Moreover, the changes in the conditions of Rodarte's confinement that are attendant to the reduction in his custody classification do not affect the duration or fact of Rodarte's confinement and do not constitute atypical, significant hardships

4

that go beyond the ordinary incidents of prison life. They therefore do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). The same is true of the temporary limitations imposed on Rodarte's recreation, commissary, telephone, and contact visit privileges, *Id.*, and of Rodarte's transfer to a different facility. *See Adeleke v. Heaton*, 352 Fed. App'x 904, 908–09 (5th Cir. 2009).

Because the sanctions at issue do not implicate a protected liberty interest, Rodarte cannot demonstrate a violation of the Due Process Clause. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Kyle*, 65 F.3d at 31–32; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

**B.    Exhaustion**

The Court further notes that Rodarte has also conceded that, during the administrative grievance process, he did not present any of the claims contained in his federal habeas petition (Dkt. 1 at p. 9). State prisoners must exhaust all administrative remedies before filing a petition for a writ of habeas corpus in federal court. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980). The claims presented to the administrative body must be the "substantial equivalent" of the claims asserted in the federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 278 (1971). "For a claim to be exhausted, the state court system must have been apprised of the facts and the legal theory upon which the petitioner bases his

5

assertion." *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978) (en banc). It is not

enough that the prisoner brought the same legal claim; rather, the prisoner must present the

same substance to both the state administrative body and the federal court. *Burns v. Estelle*,

695 F.2d 847, 849–50 (5th Cir. 1983). Even if Rodarte's failure to assert a protected liberty

interest did not compel dismissal of this case, his failure to exhaust administrative remedies

would. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas

petition should be dismissed if state remedies have not been exhausted as to all of the federal

court claims.").

## III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism

and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.

Therefore, a certificate of appealability is required before an appeal may proceed.  *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d

1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255

require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling

standard, a petitioner must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2.     All pending motions are **DENIED**.

3.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____September 2_____, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE